UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **HERSIE R. WESSON,** | ) CASE NO. 5:14 CV 2688 |
| Petitioner, | ) JUDGE DAN AARON POLSTER |
| vs. | ) <u>OPINION AND ORDER</u> |
| **CHARLOTTE JENKINS, WARDEN,** | ) |
| Respondent. | ) |

This capital habeas case is before the Court on Petitioner's Motion to Stay Habeas Case and Hold it in Abeyance for Exhaustion of New Claims in State Court ("Motion"). (**Doc #: 20**.) The Court has reviewed the Motion, the Warden's Response in Opposition to [the Motion] (Doc #: 22), and Petitioner's Reply (Doc #: 24). Petitioner Hersie R. Wesson seeks to exhaust in state court a claim that he is intellectually disabled and thus ineligible for the death penalty under *Atkins v. Virginia*, 536 U.S. 304 (2002), which claim is supported by a recent expert report. The remainder of his unexhausted claims assert ineffective assistance of post-conviction counsel for the failure to challenge trial counsel's effectiveness.

**I.**

A state prisoner must fully exhaust his federal constitutional claims in the state courts before his claims may be reviewed by the district court on habeas. *O'Sullivan v. Boerckel*, 526

U.S. 838, 842-45 (1999).  Comity requires that state courts have the first opportunity to review unexhausted claims that are filed in a "mixed" petition (i.e., a petition containing exhausted and unexhausted claims).  *Rose v. Lundy*, 455 U.S. 509, 518-19 (1982).  In 2005, the Supreme Court held that district courts can no longer dismiss a mixed petition without prejudice to permit the exhaustion of claims because the petitioner's claims may be time-barred when he returns to district court.  *Rhines v. Weber*, 544 U.S. 269, 274-76 (2005).  To avoid this result, the *Rhines* Court held that a district court has the discretion to stay a case and hold it in abeyance while the petitioner returns to state court to exhaust his unexhausted claims.  *Id.* at 274 (citing *Lundy*, 455 U.S. at 522).  However, stay and abeyance is only appropriate when the district court determines that (1) there was good cause for the petitioner's failure to exhaust his claims first in state court, (2) the petitioner's unexhausted claims are not plainly meritless, and (3) the petitioner has not engaged in abusive litigation tactics or intentional delay.  *Id.* at 277-78.

## II.

Petitioner Wesson contends that he has "good cause" for failure to exhaust his new claims in state court because habeas counsel first discovered these claims during their pre-petition investigation, and his post-conviction counsel ineffectively omitted these claims during state collateral review.  Furthermore, none of the claims are plainly meritless, particularly in light of a potentially meritorious *Atkins* claim.  Finally, he has been above-board throughout these proceedings, filing his habeas petition in a timely manner and alerting the Court to the possibility of filing unexhausted claims following habeas counsel's investigation.

In response, the Respondent conflates the first two *Rhines* prongs.  According to Respondent,

> Wesson cannot show good cause to abate these proceedings. The claims for which Wesson seeks a stay are not unexhausted, because Wesson now has no available avenues for state relief, and therefore, his claims are exhausted but procedurally defaulted and meritless.

(Doc #: 22 at 2.) Wesson counters that the claims are not exhausted because no state court has had the opportunity first to consider them and there are state forums that remain open to him (specifically he can file a second post-conviction petition or new trial motion). (Doc #: 24 at 7 (citations omitted).) The Court agrees. Furthermore, the Court cannot say that Wesson's *Atkins* claim is plainly meritless given Dr. Grant's recent expert report, and Wesson's *Atkins* claim may inform the other unexhausted claims.

As to the third *Rhines* prong, Respondent asserts that Wesson has engaged in abusive litigation tactics and intentional delay by filing his petition "at the last possible moment, only to belatedly seek abatement." (Doc #: 22 at 2.) The record shows that, on February 2, 2015, Wesson challenged the Court's deadline for filing his habeas petition. (Doc #: 8.) Because Wesson was correct, the Court changed the deadline from May 19, 2015 to September 24, 2015. (Doc #: 9.) Wesson then asked the Court to allow him that time to file the petition due to his unfamiliarity with the case and the need to conduct a pre-petition investigation under *McFarland v. Scott*, 512 U.S. 849 (1994)–which investigation, he advised, may unearth unexhausted claims. (Doc #: 8 at 6.) Wesson then timely filed his habeas petition containing a mix of exhausted and unexhausted claims. (Doc #: 16.) The Court sees absolutely no abusive litigation tactics or intentional delay here.

/ /

### III.

Accordingly, the Court **GRANTS** the Motion (**Doc #: 20**) with the following instructions.  Wesson shall file his unexhausted claims **no later than December 14, 2015**, and shall return to this Court **no later than thirty days after his new claims are exhausted**.

**IT IS SO ORDERED.**

        */s/ Dan Aaron Polster   November 20, 2015*
        **Dan Aaron Polster**
        **United States District Judge**