# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| HERSIE R. WESSON, | ) |
| | ) CASE NO. 5:14 CV 2688 |
| Petitioner, | ) |
| | ) |
| v. | ) JUDGE DAN AARON POLSTER |
| | ) |
| CHARLOTTE JENKINS, Warden | ) |
| | ) **OPINION AND ORDER** |
| Respondent. | ) |

This capital habeas case is before the Court on the parties' Joint Motion to Stay Case and Remand to State Court for Hearing on Petitioner's Intellectual Disability Claim. (Doc. 54.) Through this motion, the parties jointly move for an order from this Court to stay the case and remand it to the Court of Common Pleas for Summit County, Ohio, for an evidentiary hearing on the merits of Petitioner Hersie Wesson's Eighth Amendment claim alleging that he is intellectually disabled and therefore ineligible for the death penalty. Respondent represents that the State of Ohio will not oppose an evidentiary hearing on the merits of Petitioner's intellectual disability claim under the standards established by the United States Supreme Court in *Atkins v. Virginia*, 536 U.S. 304 (2002), and it progeny, and the Ohio Supreme Court in *State v. Ford*, 158 Ohio St. 3d 139 (2019). The Warden further represents that the State will not oppose Petitioner filing a motion for relief from the judgment under Rule 60(B) of the Ohio Rules of Civil Procedure. Finally, the parties agree that if the court of common pleas refuses to hold a hearing on the merits of Petitioner's intellectual disability claim, then the parties may return to this Court

and proceed with the evidentiary hearing granted under the Court's judgment of March 5, 2020 (Doc. 51).

The Court **GRANTS** the parties' joint motion (Doc. 54). Accordingly, this case is stayed and remanded to the Summit County Court of Common Pleas for an evidentiary hearing on the merits of Petitioner's intellectual disability claim. Further, the State of Ohio will not oppose such a hearing in that court or a motion filed by Petitioner in that court for relief from judgment under Ohio Civil Rule 60(B) relating to his intellectual disability claim. Finally, if the court of common pleas refuses to hold a hearing on the merits of Petitioner's intellectual disability claim, then the parties shall return to this Court within thirty days of the state court's ruling on this matter and proceed with the evidentiary hearing granted under the Court's judgment of March 5, 2020 (Doc. 51).

IT IS SO ORDERED.

| | |
|---|---|
| March 23, 2020 | /s/ Dan Aaron Polster |
| Date | Dan Aaron Polster<br>United States District Judge |